IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01060-BNB

RICK STRANDLOF,

      Plaintiff,

v.

RRK ENTERPRISES, INC., a Colorado Corporation, and
INDEPENDENCE HOUSE SOUTH FEDERAL,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

      Plaintiff, Rick Strandlof, is a federal pre-trial detainee who currently resides at the

Independence House in Denver, Colorado. Mr. Strandlof has filed a *pro se* Amended

Complaint alleging that his constitutional rights have been violated. Mr. Strandlof has

been granted leave to proceed *in forma pauperis*.

      The Court must construe the Amended Complaint liberally because Mr. Strandlof

is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended

Complaint reasonably can be read "to state a valid claim on which the plaintiff could

prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

1

However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons set forth below, the Amended Complaint and the action will be dismissed.

In the Amended Complaint, Plaintiff asserts two claims. First, he asserts that the named Defendants have prevented him from attending religious services, receiving visits from his rabbi, and keeping a kosher diet, in violation of his First Amendment rights. Amended Complaint at 3-4. Second, Plaintiff asserts that Defendants "employed an inadequate grievance system that failed to resolve Plaintiff's concerns with discriminatory treatment and continue to utilize the same policy that fails to fairly and adequately resolve issues of concern . . . ." *Id.* at 5. Plaintiff seeks declaratory and injunctive relief in addition to compensatory damages. *Id.* at 6-7.

Plaintiff asserts jurisdiction pursuant to the 28 U.S.C. §§ 1331 and 1346. Section 1331 is a general grant of jurisdiction which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 1331. The Court cannot exercise subject matter jurisdiction over the claims presented in the Amended Complaint pursuant to section 1331 unless those claims present a federal question. *See Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). A claim presents a federal question only when federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (quoting *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)).

Here, Plaintiff fails to refer to a specific federal law that governs his substantive claims. However, because he is a federal pre-trial detainee, and alleges that

2

Defendants are violating his constitutional rights under color of federal law, his constitutional claims appear to arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971).

In the Amended Complaint, Plaintiff names RRK Enterprises, Inc., and the Independence House South Federal as the only defendants. However, neither of these corporate entities is amenable to suit under *Bivens*. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). *Bivens* held that "plaintiffs may sue federal officials in their individual capacities for damages for [constitutional] violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Id.* However, the only proper defendant in a *Bivens* action is a federal official or agent, not a private corporation. *See Malesko*, 534 U.S. at 61; *FDIC v. Meyer*, 510 U.S. 471, 472 (1994) (finding no cause of action directly against federal agency under *Bivens*); *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1101, 1105 (10th Cir. 2005) (no cause of action for damages under *Bivens* against a private prison when state remedies are available). Reluctant to extend *Bivens* liability "to any new context or new category of defendants," *Malesko*, 534 U.S. at 68, the Supreme Court held that *Bivens* provides no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law. *Id.* at 70.

Moreover, to the extent that Plaintiff attempts to sue employees of these entities, several of whom are named in the Amended Complaint, although not listed in the

3

caption, Plaintiff is also barred from suing employees of a corporation in a **Bivens** action. In **Peoples**, the Tenth Circuit found that there was no implied private right of action for damages under **Bivens** against employees of a corporation for alleged constitutional deprivations when alternative state or federal causes of action for damages were available to the plaintiff. **Peoples**, 422 F.3d at 1103. Accordingly, Plaintiff has not presented a factual basis that establishes a cause of action against these Colorado corporations, or their employees, under **Bivens** or section 1331. Colorado law, on the other hand, provides a remedy in state court against private tortfeasors for actions amounting to negligence. **Peoples**, 422 F.3d at 1105.

Finally, Mr. Strandlof also asserts jurisdiction pursuant to 28 U.S.C. § 1346. Section 1346 recognizes that the Federal Tort Claims Act (FTCA) constitutes a limited waiver of the federal government's sovereign immunity from private suit. **See** 28 U.S.C. § 1346(b). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." **Franklin Savings Corp., In re**, 385 F.3d 1279, 1286 (10th Cir. 2004) (citing 28 U.S.C. § 2679(a) (providing that the FTCA remedy is "exclusive" for all "claims which are cognizable under [28 U.S.C.] § 1346(b)")). However, "[u]nder the FTCA, only the United States is a proper defendant." **Muhammad v. United States**, 2010 WL 551413, at *11 (D. Colo. Feb. 11, 2010) (unpublished decision). As noted above, in this action, Mr. Strandlof sues only two Colorado corporate entities. Therefore, he cannot maintain an FTCA claim in this action, and the Amended Complaint and the action will be dismissed. Accordingly, it is

4

ORDERED that the Amended Complaint and Action are dismissed without prejudice.

DATED at Denver, Colorado, this __22nd__ day of __June__, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01060-BNB

Rick Strandlof
2765 South Federal Boulevard
Denver, CO 80236

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/10

GREGORY C. LANGHAM, CLERK

By _____
Deputy Clerk